**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| **TOPWIRE LLC,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **No. 7:25-CV-00551-LS** |
| | § | |
| **APPLE, INC.,** | § | |
| | § | |
| ***Defendant.*** | § | |

**ORDER GRANTING MOTION TO STAY**

Plaintiff TopWire LLC sues Defendant Apple, Inc. for infringing a semiconductor packaging patent. The Court grants Apple's motion to stay this case pending the Patent Trial and Appeal Board's ("PTAB") *inter partes* review of the patents at issue.

**I. LEGAL STANDARD.**

"The party seeking a stay bears the burden of showing that a stay is appropriate."[1] Factors relevant to a stay during patent reexamination include "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set."[2] "A stay is particularly justified when 'the outcome of a . . . proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement

[1] *Radiant Vision Sys., LLC v. Admesy B.V.*, No. 1:21-cv-01115, 2024 WL 1079059, at *2 (W.D. Tex. Mar. 12, 2024).

[2] *Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, No. A-13-CA-800, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015) (quoting *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)).

issues'"[3] and when "the PTAB has instituted [*inter partes* review] proceedings . . . as to *all claims of all asserted patents*," as "all the claims may potentially be modified, dropped, or canceled."[4]

## II. ANALYSIS.

This case concerns one patent, and Apple has challenged every claim before the PTAB. The PTAB's ruling may resolve issues or eliminate claims before this Court, and a stay avoids "requiring the parties to pursue discovery . . . and participate in a claim construction hearing for patent claims that may be limited, changed or invalidated."[5] Plaintiff has a "recognized interest in the timely enforcement of its patent rights,"[6] but the "fact and length of any delay . . . does not demonstrate prejudice sufficient to deny a request for a stay."[7] Finally, discovery opened on August 12, 2026 and continues until March 9, 2027,[8] and a tentative trial date—from which "the actual trial date" could "materially differ[]"—is not until August 16, 2027.[9]

## III. CONCLUSION.

The Court **GRANTS** Apple's motion [ECF No. 59] and **STAYS** this case pending the *inter partes* review's final resolution. The parties shall file a report on the status of proceedings before the PTAB every ninety days from the date of this order.

**SO ORDERED**.

---

[3] *AGIS Software Dev. LLC v. Google LLC*, No. 2:19-cv-00361, 2021 WL 465424, at *2 (E.D. Tex. Feb. 9, 2021) (quoting *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-cv-00011, 2016 WL 1162162, at *1 (E.D. Tex. Mar. 23, 2016)).

[4] *Id.* (collecting cases).

[5] *e-Watch, Inc. v. ACTi Corp.*, No. SA-12-CA-695, 2013 WL 6334372, at *9 (W.D. Tex. Aug. 9, 2013).

[6] *Unifi Sci. Batteries, LLC v. Sony Mobile Commc'ns AB*, No. 6:12cv224, 2014 WL 4494479, at *2 (E.D. Tex. Jan. 14, 2014) (citing *Ambato Media, LLC v. Clarion Co.*, 2:09-cv-242, 2012 WL 194172, at *1 (E.D. Tex. Jan. 23, 2012)).

[7] *e-Watch, Inc.*, No. SA-12-CA-695, 2013 WL 6334372, at *9 (brackets omitted) (quoting *Semiconductor Energy Lab'y Co. v. Chimei Innolux Corp.*, No. SACV 12-21, 2012 WL 7170593 (C.D. Cal. Dec. 19, 2012)).

[8] ECF No. 26 at 3–4.

[9] *Id.* at 6.

**SIGNED** and **ENTERED** on October 23, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**